UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMY MARIE EDDINGTON, | ) | CASE NO.: 1:24-cv-00564 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Defendant Commissioner of Social Security (the "Commissioner") to the Report and Recommendation (the "R&R") of the Magistrate Judge. On November 22, 2024, the Magistrate Judge issued his R&R (Doc. 13) in this matter recommending that the Court vacate the Commissioner's final decision. The Commissioner objected to the R&R (Doc. 14) and Plaintiff Amy Marie Eddington ("Eddington") filed a response (Doc. 15). The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner*

1

*v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.* However, "even if supported by substantial evidence, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *See Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (internal quotation marks and citation omitted). "Such an error of law will require reversal even if the outcome on remand is unlikely to be different." *Demetrius B. v. Comm'r of Soc. Sec.*, No. 3:23-cv-00114, 2024 U.S. Dist. LEXIS 156503, at *4 (S.D. Ohio Aug. 30, 2024).

The Commissioner objects to the Magistrate Judge's review of the Administrative Law Judge's (the "ALJ") analysis at step two of the five-step sequential evaluation process. Doc. 14 at 3. Specifically, the Commissioner argues that the ALJ was correct, and their findings dispositive, when they determined that Eddington did not have a medically determinable impairment at step two. Doc. 14 at 3. The Commissioner further claims that the Magistrate Judge implied no issue with the ALJ's finding because he found error with only the ALJ's alternative finding at step two, which stated that even if Eddington had a medically determinable impairment, it was not severe. Doc. 14 at 3. Conversely, Eddington argues that the Magistrate Judge implied the ALJ performed the alternative analysis because they essentially conceded the finding that Eddington *does* have a medically determinable impairment. Doc. 15 at 1–2.

On this issue, the R&R explains:

Although the Commissioner argues that the Court need not consider Eddington's arguments that go to the ALJ's severity finding "unless it first finds that the ALJ erred in finding" no medically determinable impairments, the ALJ made additional findings that even if Eddington could be considered to have a medically

2

> determinable impairment, she did not have a severe impairment or combination of impairments. (Tr. 21.) Therefore, the Court proceeds to analyze Eddington's arguments regarding severity.
>
> 'The ALJ's decision does not comply with the Social Security Administration's instruction that ALJs must consider ***why*** an applicant's treatment history is inconsistent with her complaints when evaluating symptom severity.' *Jill L. v. Comm'r of Soc. Sec.*, Case No. 2:22-cv-02480, 2023 WL 4757601, at *8 (S.D. Ohio July 26, 2023) (emphasis in original). Social Security Ruling ("SSR") 16-3p 'requires an ALJ to consider possible reasons why a claimant failed to seek medical treatment consistent with the degree of his or her complaints 'before drawing an adverse inference from the claimant's lack of medical treatment.' *Id.* (quoting *Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 (6th Cir. 2016)). Such factors include an inability to afford treatment and a lack of access to free or low-cost medical services. SOCIAL SECURITY RULING 16-3P TITLES II AND XVI: EVALUATION OF SYMPTOMS IN DISABILITY CLAIMS, 2017 WL 5180304, at *10 (Oct. 25, 2017)…
>
> [T]he ALJ failed to mention, let alone explain, why Eddington's treatment history (or lack thereof) is inconsistent with her allegations when considering her insurance issues and inability to pay. (*Id.* at 20-23.) Therefore, the ALJ failed to comply with SSR 16-3p. While the Commissioner argues that Eddington "had insurance for at least part of the period since the alleged onset date of disability" (Doc. No. 11 at 13), the ALJ did not so find (Tr. 20-23); therefore, the Court agrees with Eddington that this constitutes impermissible *post-hoc* rationalization. (Doc. No. 12 at 4.)

Doc. 13 at 19–20.

The ALJ found Eddington did not have a medically determinable impairment and additionally concluded that if she did have a medically determinable impairment, it was not severe. Doc. 7 at 24–27. The ALJ then ended the sequential evaluation process at step two. Applying SSR 16-3p, the ALJ must consider the reasons for not obtaining treatment before drawing an adverse inference from the claimant's lack of medical treatment. *Dooley v. Comm'r of Soc. Sec.*, 656 F. Appx. 113, 119 (6th Cir. 2016). The record makes clear that Eddington provided reasons for her lack of treatment (Doc. 7 at 219) and the ALJ did not consider those reasons before drawing an adverse inference (Doc. 7 at 25–26). The ALJ's analysis, therefore, did not meet the requirements

3

of the Social Security Administration's own regulation, SSR 16-3p. *See Rabbers*, 582 F.3d at 651.

The Commissioner asks the Court to ignore this noncompliance because the error was associated with the ALJ's alternative finding at step two regarding severity, and therefore was harmless, after the Magistrate Judge "found no error with the ALJ's primary finding that [Eddington] did not have a medically determinable impairment." Doc. 14 at 3. The Court will not do so. First, the Court disagrees with both parties' interpretations of the R&R and will not assume any implications made by the Magistrate Judge when he took issue with the ALJ's severity analysis without addressing the first step two decision that Eddington did not have a medically determinable impairment. Further, the Court understands that underlying agency interpretation at step two of the sequential evaluation process may, as Commissioner argues, provide for a determination of a medically determinable impairment as the "prerequisite" to severity. Doc. 14 at 3. However, the Court cannot say that each facet of the ALJ's duties at step two of the sequential evaluation process – determining whether the claimant has a medically determinable impairment that is "severe" – is separate to the point that a finding as to one does not influence the other. In other words, the decision as to whether a claimant has a medically determinable impairment is intertwined with the analysis of whether the impairment is severe, and vice versa. The Court, therefore, does not find that the ALJ's error in following SSR 16-3p during the alternative analysis at step two of the sequential evaluation process was harmless. Accordingly, the Magistrate Judge did not err.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

For the reasons stated above, the Commissioner's objection (Doc. 14) is OVERRULED. The R&R (Doc. 13) is ADOPTED IN WHOLE. The decision of the Commissioner is hereby VACATED and REMANDED for further administrative proceedings.


Dated: January 7, 2025                                        /s/ *John R. Adams*
                                                                                      JUDGE JOHN R. ADAMS
                                                                                      UNITED STATES DISTRICT JUDGE